UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNION SQUARE GRILL HOSPITALITY GROUP, LLC, | : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 3:06-CV-00976 (PCD) |
| BLUE SMOKE AMERICAN BAR & GRILL LLC, a Connecticut limited liability company d/b/a/ BLUE SMOKE, now known as Smoke in the City, LLC, | : : : : : | |
| Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL JUDGMENT

On December 13, 2006, the Court entered a Ruling on Plaintiff Union Square Grill Hospitality Group, LLC's ("Union Square") Motion for Default Judgment and issued a permanent injunction against Defendant Blue Smoke American Bar & Grill, LLC ("BSG") in connection with operating its restaurant. On December 18, 2006, the Clerk of the Court entered the Judgment Order for $14,948.73 in attorneys' fees and costs in favor of Union Square against BSG. Subsequent to that order, BSG failed to pay the $14,948.73 to Union Square or cease its trademark infringing conduct. Instead, BSG dissolved its Connecticut limited liability company, but without sending the required written notice under Conn. Gen. Stat. § 34-212 to Union Square. At a hearing held on January 22, 2007, the Court found BSG to be in contempt of the Default Judgment of December 13, 2006. Pursuant to the Court's oral ruling at the hearing, Union Square filed a Motion for Supplemental Judgment [Doc. No. 40] on February 2, 2007. For the reasons stated below, Union Square's motion for supplemental judgment for an award of additional legal fees and costs is **granted in part.**

Courts generally award the reasonable costs of prosecuting the contempt, including

attorneys' fees, "where violation of the court order is found to be willful." Manhattan Indus. Inc. v. Sweater Bee by Banff Ltd., 885 F.2d 1, 8 (2d Cir. 1989). The Court previously found this to be an exceptional case under 15 U.S.C. § 1117 for which a fee is appropriate because BSG's actions were willful, and the costs and fees in this case were generally increased since the Court's December 13, 2006 ruling due to BSG's own unresponsive behavior. See Fax Express Inc. v. Holt, 708 F. Supp. 649, 654 (E.D. Pa. 1988). According to evidence submitted by Union Square, BSG continued to infringe upon Union Square's mark BLUE SMOKE at least as late as January 29, 2007. Defendant has submitted no evidence which substantiates its conclusory statements asserting its compliance with the Court's prior ruling or which refutes Union Square's evidence showing Defendant's continued infringement upon Union Square's trademark. (See Def.'s Resp. to Mot. for Contempt ¶¶ 4-6; Def.'s Reply to Mot. for Supplemental J. ¶ 2.) Accordingly, the Court reaffirms its prior ruling awarding Union Square $14,948.73 in attorneys' fees and costs incurred litigating this action until the Court's December 13, 2006 ruling. The Court also awards Union Square reasonable costs and fees incurred since December 13, 2006 in connection with enforcing the Court's ruling. Plaintiff shall be awarded fees for 29.1 hours of work reasonably performed by Attorney Judith L. Grubner at the rate of $400 per hour ($11,640), 6.4 hours of work reasonably performed by Attorney Larry L. Saret at the rate of $420 per hour ($2,688), 9.82 hours of work reasonably performed by Attorney Ben Solnit at the rate of $385 per hour ($3,780.70), 8 hours of work reasonably performed by Attorney Michael G. Caldwell at the rate of $180 per hour ($1,440.00), 1.25 hours of work reasonably performed by paralegal Anne Winterson at the rate of $145 per hour ($181.25), and 0.67 hours of work reasonably performed by paralegal Danielle Ryan-Praus at the rate of $145 per hour ($97.15), for a total award of

$19,787.10. Plaintiff is also awarded $2,014.48 in costs.

Plaintiff also moves for the Court to enter an order making Aneta Gryzewski and Smoke in the City LLC liable for the default, judgment, and contempt orders. Defendant admits that Ms. Gryczewski, the managing partner of BSG, dissolved Blue Smoke American Bar & Grill, LLC, on December 21, 2006, and that the Articles of Dissolution were not accepted by the Secretary of State for Connecticut until December 26, 2006. (Def.'s Resp. to Pl.'s Mot. for Contempt ¶ 2.) Defendant also admits that Smoke in the City, LLC "succeeded" BSG and operates the restaurant on BSG's premises. (Def.'s Resp. to Mot. for Contempt ¶ 4.) The Connecticut Secretary of State accepted Union Square's judgment lien against BSG on December 26, 2006. (Pl.'s Mem. in Supp. of Mot. for Supplemental J., Ex. D.) At that time, the judgment lien attached to any assets of BSG that are being used by Ms. Gryczewski or by Smoke in the City, LLC. (See id.) Ms. Gryczewski and Smoke in the City, LLC are therefore liable for the Judgment Order to the extent of any assets they received from BSG.

Ms. Gryczewski is also liable for the Judgment Order due to BSG's failure to comply with the Connecticut Limited Liability Company Act, Conn. Gen. Stat. §§ 34-100 et seq., which provides that a limited liability company disposing of "known claims" against it must give written notice to the holders of known claims of a deadline for receiving those claims. CONN. GEN. STAT. § 34-212. The written notice must:

> (1) describe the information that must be included in a claim; (2) provide a mailing address where a claim may be sent; (3) state the deadline, which may not be fewer than one hundred twenty days from the later of (A) the effective date of the written notice or (B) the filing of articles of dissolution pursuant to section 34-211, by which the dissolved limited liability company must receive the claim; and (4) state that the claim will be barred if not received by the deadline.

§ 34-212(b). If the notice is not given, the claim may be enforced against the dissolved LLC to

the extent of its undistributed assets or, if the assets are distributed, against one or more of the members of the dissolved LLC to the extent of their share of the assets distributed to them in liquidation. § 34-214. The Court's Judgment Order of December 18, 2006 is a "known claim." According to Union Square, BSG did not send any notice to Union Square with a deadline for receiving that claim, and it did not discharge or make provision for discharging that claim prior to distributing its assets. BSG does not dispute this fact; rather, it incorrectly contends that it was not legally required to do so. (Def.'s Reply to Pl.'s Mot. for Supplemental J. ¶ 1.) However, the state statutes regarding known claims are clear, and, accordingly, Ms. Gryczewski, as managing partner of BSG, is personally liable for judgments against BSG to the extent she received assets of BSG after dissolution.

Smoke in the City, LLC is liable for judgments against BSG because it is the admitted legal successor to BSG. In Connecticut, a successor assumes its predecessor's liabilities if: (1) the purchase agreement expressly or impliedly so provides; (2) there was a merger or consolidation of the two firms; (3) the purchaser is a "mere continuation" of the seller; or (4) the transaction was entered into fraudulently for the purpose of escaping liability. Ricciardello v. J.W. Grant & Co., 717 F. Supp. 56, 58 (D. Conn. 1989) (citations omitted). "Continuity" between predecessor and successor is determined under a balancing test with four non-dispositive factors: (1) whether there is "continuity of management, personnel, physical location, assets, and general business operations"; (2) whether there is continuity of shareholders; (3) whether the predecessor "ceases its ordinary business operations, liquidates, and dissolves"; and (4) whether the successor "assumes those liabilities and obligations of [the predecessor] ordinarily necessary for the uninterrupted continuation of normal business operations of [the

predecessor]." Collins v. Olin Corp., 434 F. Supp. 2d 97, 103 (D. Conn. 2006) (citations omitted). Mr. Peter Guimaraes, the former manager of BSG's restaurant and the managing member of Smoke in the City, LLC, provides continuity of management. (See Pl.'s Mot. for Supplemental J., Ex. C, Aff. of Peter Guimaraes.) The restaurant has continued in business without interruption, despite the dissolution of BSG. Because the Court's Default Judgment required only that BSG change its name, not that it form a new company, there was no need for BSG to create a new LLC, raising the possibility that it did so only to evade BSG's liability. The Ricciardello fraud factor is therefore satisfied. In total, sufficient continuity has been shown to exist between BSG and Smoke in the City, LLC to consider Smoke in the City a legal successor that has assumed BSG's liabilities.

Accordingly, the Default Judgment of December 13, 2006 [Doc. No. 29], the Judgment Order of December 18, 2006 [Doc. No. 30], and the order of contempt are hereby supplemented to include Aneta Gryczweski and Smoke in the City, LLC as liable parties. In addition to affirming its prior ruling awarding $14,948.73 in attorneys' fees and costs to Plaintiff Union Square, today's ruling awards Union Square the further amounts of $19,787.10 in attorneys' fees and $2,014.48 in costs, for a supplemental award of $21,801.58. Plaintiff shall address his request to recover costs with the Clerk.

SO ORDERED.

Dated at New Haven, Connecticut, this  16th  day of March, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court